# FEDERAL CIVIL RIGHTS COMPLAINT

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 for violations of rights secured by the United States Constitution. This pleading references the state-court and appellate record, including pleadings, orders, notices, affidavits of non-service, USPS records, transcripts, and medical/therapy records previously filed and/or generated in related matters. No exhibits are physically attached at this time.

## I. JURISDICTION AND VENUE

This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Venue is proper because the acts and omissions giving rise to the claims occurred in Kenosha County, Wisconsin, within this District.

## II. PARTIES

Plaintiff Octavia Winters is the mother and lawful custodial parent of a minor child.

Defendants include: Chad G. Kerkman (in his official capacity as a Judge of the Kenosha County Circuit Court); David Wilk (in his official capacity as a Judge of the Kenosha County Circuit Court); Brendan McEntegart (in his individual capacity as Guardian ad Litem); Rebecca Mentink (also known as Rebecca Mentisik) (in her individual capacity as Clerk of Court for Kenosha County); Xavier Solis (in his official capacity as Kenosha County District Attorney); Kenosha County (municipal entity); and the City of Kenosha (municipal entity).

## III. FACTUAL ALLEGATIONS

1. Plaintiff held sole legal custody and primary placement of her minor child pursuant to valid court orders, and a child abuse restraining order was in effect through September 2025 prohibiting contact by the child's father and associated third parties.

2. Beginning in July 2025 and continuing through at least December 2025 (and into January 2026), these orders were repeatedly violated. Plaintiff alleges Defendants failed to enforce valid orders, selectively advanced the violators' requests, and excluded Plaintiff from meaningful participation in proceedings.

3. On July 31, 2025, the child was removed from Plaintiff's custody while Plaintiff was at work, without prior notice, service, hearing, or lawful authority. Plaintiff alleges the removal relied on emergency guardianship paperwork that did not authorize a custody change and occurred before any evidentiary hearing, resulting in placement with individuals prohibited from contact under the restraining order.

4. From July through December 2025, the child was repeatedly removed, transported between Kenosha and Milwaukee, and placed with prohibited parties in violation of the restraining order and custody orders. Plaintiff further alleges the child's father and family withheld addresses to conceal where the child was being kept, preventing Plaintiff from locating and retrieving the child through lawful means.

5. Plaintiff's child suffers from serious mental illness, including psychosis and schizophrenia, requiring consistent medication adherence, stability, and structured care. Medical and therapy records (including redacted provider notes) document that medication interruption and instability cause rapid decompensation and risk of harm. Plaintiff alleges Defendants were repeatedly placed on notice of the diagnosis, the treatment plan, and foreseeable consequences of non-enforcement.

6. Plaintiff alleges the violators pressured and coerced the child under false pretenses, interfered with medication adherence, instructed the child not to take prescribed medication, and exposed the child to inappropriate substances, resulting in severe psychiatric decompensation, rehospitalization, and extensive treatment needs. Plaintiff alleges this constituted medical neglect, child neglect, and child endangerment, and that Defendants' non-enforcement and affirmative actions created or increased the danger.

7. Plaintiff filed numerous motions seeking enforcement of custody orders and the restraining order; motions to stay proceedings; motions to inspect, correct, seal, or redact the record; motions to remove the Guardian ad Litem for misconduct; and motions for substitution and recusal. Plaintiff alleges those motions were denied, ignored, or resolved without hearings, while informal letters and non-motion submissions from the child's father were acted upon.

8. Plaintiff alleges Defendant Judge Kerkman asserted a lack of jurisdiction to enforce valid orders, yet denied Plaintiff's venue-transfer efforts and continued to exercise authority to advance the violators' interests—constituting selective jurisdiction and arbitrary treatment.

9. Plaintiff alleges that on November 17, 2025, an opposing motion was dismissed for non-prosecution, and later reopened approximately one month afterward without any new motion being filed and without proper service upon Plaintiff, relying instead on an informal letter.

10. Plaintiff alleges she was repeatedly denied proper service of motions, affidavits, and orders, receiving only hearing notices. Sworn affidavits of non-service, USPS records (including informed delivery scans), and returned-mail documentation contradict representations regarding mailing and service. Plaintiff alleges she was denied the opportunity to inspect the record before adverse action was taken.

11. Plaintiff filed John Doe petitions and related filings seeking investigation of criminal conduct. Plaintiff alleges those filings were mishandled, misclassified, rejected, or exposed contrary to confidentiality requirements, impairing access to courts and retaliating against Plaintiff for protected activity.

12. On or about January 30, 2026—the day of Plaintiff's son's graduation—Defendant Judge Kerkman proceeded with a hearing in Plaintiff's absence and entered an order transferring custody and/or placement to the child's father. Plaintiff alleges this action conflicted with Milwaukee juvenile (JIPS) orders placing the child in Plaintiff's home with GPS monitoring and a court-ordered curfew, and occurred despite pending objections regarding notice and service.

13. Plaintiff alleges she made clear—through filings and communications—that until jurisdiction was clarified, a new judge was appointed, and the Guardian ad Litem was dismissed for misconduct (and because no proper motion had been filed), she would not appear in Kenosha. Plaintiff alleges the court did not rule on those filings but proceeded and entered orders adverse to Plaintiff.

14. Plaintiff alleges Defendants granted relief to parties acting with unclean hands and under pending investigative filings while penalizing Plaintiff for asserting rights and seeking enforcement. Plaintiff further alleges the court invited Plaintiff to return within a set period (e.g., sixty days) if she disagreed, despite the immediate harm caused by orders entered without notice and meaningful opportunity to be heard.

15. Plaintiff alleges the cumulative effect of Defendants' conduct made the situation so severe and costly that Plaintiff's practical ability to prepare and file pleadings in Kenosha was substantially impaired, despite being the lawful custodial parent. Plaintiff was repeatedly forced to leave work, respond to unlawful removals, travel between counties, attend police departments, and manage psychiatric crises. Plaintiff alleges Defendants treated these imposed burdens as waiver/default while advancing opposing informal submissions.

16. Plaintiff alleges the prolonged failure to enforce valid orders and the repeated granting of relief to violators caused severe deterioration of the child's mental, psychological, physical health, school performance, and behavior, resulting in permanent and irreparable harm. Plaintiff alleges corresponding damages to her livelihood, finances, mental health, and familial integrity.

## IV. MUNICIPAL LIABILITY AND RATIFICATION (MONELL)

Kenosha County and the City of Kenosha are named as defendants as municipal entities whose policies, customs, and practices caused or permitted the constitutional violations described above. Plaintiff alleges these violations occurred pursuant to, and were enabled by, practices related to service of process, docketing/handling of filings, refusal to enforce valid orders, reliance on informal communications in lieu of lawful motion practice, and tolerance of constitutional violations when raised by a pro se litigant.

Through policymakers with final decision-making authority, these entities were placed on notice of the violations through motions, sworn affidavits, appeals, and hearings. Plaintiff alleges that rather than correct the misconduct, the entities maintained the challenged practices, enforced outcomes produced by unconstitutional actions, and thereby ratified the conduct of their agents for purposes of municipal liability under Monell.

## V. CLAIMS FOR RELIEF (42 U.S.C. § 1983)

**Count 1 – Procedural Due Process (Fourteenth Amendment)**: Plaintiff alleges deprivation of custody/placement interests and meaningful participation in proceedings without adequate notice, service, opportunity to be heard, and fair

procedures.

**Count 2 – Substantive Due Process / Familial Association**: Plaintiff alleges state-created danger and interference with family integrity through non-enforcement and affirmative actions that increased risk to the child and impaired Plaintiff's parental relationship.

**Count 3 – Denial of Access to Courts / Retaliation**: Plaintiff alleges obstruction through mishandling/rejection of filings, denial of record inspection/correction, non-service, and punitive responses to protected activity, impairing meaningful access to judicial remedies.

**Count 4 – Municipal Liability (Monell)**: Plaintiff alleges unconstitutional policies, customs, practices, and ratification by Kenosha County and the City of Kenosha caused or permitted the above violations.

## VI. DAMAGES

As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered emotional distress, loss of familial association, financial harm, loss of employment stability, costs related to repeated emergency responses, and other compensable injuries. Plaintiff seeks compensatory damages against all Defendants where permitted by law.

Plaintiff seeks punitive damages against Defendants Brendan McEntegart and Rebecca Mentink in their individual capacities for willful and reckless violations of Plaintiff's constitutional rights, to the extent permitted by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court: (a) enter declaratory judgment that Defendants' conduct violated Plaintiff's constitutional rights; (b) grant preliminary and permanent injunctive relief as appropriate; (c) award compensatory damages; (d) award punitive damages against appropriate individual Defendants; (e) award costs and any other relief the Court deems just and proper.

*[Signature]* 02/02/26

U.S. DISTRICT COURT
EASTERN DISTRICT
FILED
26 FEB -2
CLERK OF COURT