OCTAVIA WINTERS,

           Plaintiff,

    v.                                         Case No. 26-cv-0173-bhl

JUDGE CHAD GREGORY KERKMAN, et al,

           Defendants.

## SCREENING ORDER

        On February 2, 2026, Plaintiff Octavia Winters, proceeding without an attorney, filed this lawsuit asserting civil rights violations by state court officials involved in her child custody proceedings. Winters names Kenosha County Circuit Court Judges Chad G. Kerman and David P. Wilk as defendants, along with guardian ad litem Brendan McEntegart, Clerk of Court Rebecca Mentink, Kenosha County District Attorney Xavier Solis and both the City and County of Kenosha. (ECF No. 1.) Winters has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Winters's IFP motion and for the screening of her complaint.

### IFP MOTION

        The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Winters represents that she has no salary, no monthly income, no savings, and no property of value. (ECF No. 2 at 1–4.) She does owe $340 every month in child support. (*Id.* at 1.) Based on these assertions, signed under the penalty of perjury, the Court will grant Winters's motion.

### SCREENING THE COMPLAINT

        The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue," or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such

relief. *Cf.* 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court may screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Octavia Winters is the mother and custodial parent of a minor child. (ECF No. 1 at 1.) Defendants Chad Kerkman and David Wilk are judges in Kenosha County Circuit Court. (*Id.*) Brendan McEntegart is a guardian ad litem. (*Id.*) Rebecca Mentink (also known as Rebecca Mentisik) is a Clerk of Court for Kenosha County. (*Id.*) Xavier Solis is the Kenosha County District Attorney. (*Id.*)

Winters was the sole legal custodian of her minor child, and a child abuse restraining order was in effect until September 2025, prohibiting contact with the child's father and associated third parties. (*Id.* ¶1.) Beginning in July 2025, the order was violated. (*Id.* ¶2.) Winters maintains that "Defendants failed to enforce" the order and "excluded" her from proceedings. (*Id.*)

On July 31, 2025, the child was removed from Winters's home while she was at work, without notice, service, or a hearing. (*Id.* ¶3.) From that point and through December 2025, the child was repeatedly removed, transported between Kenosha and Milwaukee, and placed with prohibited parties in violation of the restraining and custody orders. (*Id.* ¶4.) The child's father and his family concealed where the child was being kept, preventing Winters from locating and retrieving the child. (*Id.*)

The child suffers from serious mental illnesses, requiring consistent medication, stability, and structure. (*Id.* ¶5.) The father and his family, however, instructed the child not to take the medication and exposed the child to inappropriate substances, resulting in medical neglect and child endangerment. (*Id.* ¶6.) Defendants knew of the child's illness but did nothing. (*Id.* ¶¶6–7.) Winters filed many motions seeking custody and enforcement of the restraining order, but all were "denied, ignored, or resolved without hearings." (*Id.* ¶7.) She maintains that Judge Kerman asserted a lack of jurisdiction to enforce prior orders but then denied a motion for venue transfer. (*Id.* ¶8.)

Winters maintains that she has been denied proper service of motions, affidavits, and orders, and that she only receives hearing notices. (*Id.* ¶¶9–10.) She alleges that she was unable to inspect the record before adverse action was taken. (*Id.* ¶10.) On January 30, 2026, Judge Kerkman held a hearing in Winters's absence and transferred custody to the child's father. (*Id.* ¶12.) She maintains that this action conflicted with "Milwaukee juvenile" orders and "occurred despite pending objections regarding notice and service." (*Id.*) She further explains that she was not present because she refused to appear in Kenosha until jurisdiction was clarified, a new judge was appointed, and the guardian ad litem was dismissed for misconduct. (*Id.* ¶13.) She maintains that "Defendants granted relief to parties acting with unclean hands and under pending investigative filings" while "penalizing" her for "asserting rights and seeking enforcement." (*Id.* ¶14.) She further maintains that the conduct "made the situation so severe and costly" that her ability to "prepare and file pleadings in Kenosha was substantially impaired." (*Id.* ¶15.)

Winters invokes 42 U.S.C. §1983 to allege violations of procedural Due Process under the Fourteenth Amendment; a violation of her substantive due process right to familial association; and the denial of access to the courts in retaliation. (*Id.* at 1–2.) She also invokes *Monell v. Department of Social Services*, 436 U.S. 658 (1978) to hold Kenosha County and the City of Kenosha liable. (*Id.* at 2.)

## ANALYSIS

This is Winters's third case involving the custody of her child. *See Winters v. Milwaukee*, 25-cv-1802-bhl (Nov. 17, 2025); *see also Winters v. Kenosha Police Department*, Case No. 25-cv-1804-bhl (Nov. 17, 2025). Each of her cases names different defendants. In this case, Winters invokes 42 U.S.C. §1983 to assert claims against Kerkman, Wilk, McEntegart, Mentink, Solis, Kenosha County, and the City of Kenosha. (ECF No. 1.) Winters's complaint fails to state viable claims under Section 1983 because she is attempting to sue individuals who are immune from civil suit and because she fails to allege actionable conduct. To the extent Winters is unhappy with the outcome of state court litigation, her remedy is a state court appeal, not a federal lawsuit.

To sue a defendant for a civil rights violation under Section 1983, Winters must identify a person or persons acting under color of law who violated her federal rights. *See Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). While Kerkman and Wilk might be state actors, they cannot be sued for actions taken as judges because judges are absolutely immune from damages for their judicial conduct. *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). This rule protects the judicial process by ensuring that judges make decisions based on the merits, not based on fear of potential lawsuits. *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012). While Winters may take issue with Kerkman's or Wilk's rulings against her, both are immune and her claims against them must be dismissed.

Of the remaining defendants, Winters only offers specific factual allegations against McEntegart, the guardian ad litem. (ECF No. 1 at 1, ¶13.) Winters alleges that, in her child custody case, she wants the guardian ad litem removed for misconduct. (*Id.* ¶¶7, 13.) As an initial matter, it is unclear whether a guardian ad litem is a state actor for purposes of Section 1983—this district has continually held that a guardian ad litem is not, although the Seventh Circuit has never specifically adopted the approach. *See Huiras v. Cafferty*, Case No. 22-cv-575-pp, 2022 WL 16835779, at *9 (E.D. Wis. Nov. 9, 2022) (holding that guardians ad litem are not state actors); *see also Bach v. Milwaukee Cnty. Cir. Ct.*, Case No. 13-cv-370, 2013 WL 4876303, at *6 (E.D.

Wis. Sep. 11, 2013), *aff'd on other grounds* 565 Fed. App'x 531 (7th Cir. 2014) (holding the same); *Lane v. Milwaukee Cnty. Dept. of Soc. Servs.*, No. 10-cv-297-jps, 2011 WL 5122615, at *4 (E.D. Wis. Oct. 28, 2011) (holding the same). Even if he is a state actor, a guardian ad litem like McEntegart enjoys some form of immunity. *See Paige K.B. by Peterson v. Molepske*, 580 N.W.2d 289, 292 (Wis. 1998) (providing Wisconsin gives guardians ad litem quasi-judicial immunity); *see also Cooney v. Rossiter*, 583 F.3d 967, 969–70 (7th Cir. 2009) (enforcing Illinois' law providing absolute immunity for guardians ad litem acting at the court's direction). Moreover, Winters does not allege facts suggesting how she believes McEntegart violated her constitutional rights beyond "misconduct." (ECF No. 1 ¶ 13.) Her assertion that he should have been removed from his position in the state court proceeding, a position that Winters needed to litigate in state court, is not sufficient to state a federal constitutional violation.

Winters alleges no specific conduct by any of the remaining individual defendants that might have violated her federal rights. This in itself warrants dismissal. General allegations against nonspecific individuals are insufficient to state a claim. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Moreover, both the remaining defendants are also likely immune from civil claims. Mentink is the Clerk of Court and, in this capacity, enjoys quasi-judicial immunity, so long as she acts pursuant to judicial direction. *See Snyder v. Nolan*, 380 F.3d 279, 285–89 (7th Cir. 2004) (discussing when Clerks of Courts enjoy quasi-judicial immunity). Solis is a prosecutor and enjoys prosecutorial immunity. *See Fields v. Wharrie*, 672 F.3d 505, 514 (7th Cir. 2012) (explaining prosecutorial immunity). These reasons also justify dismissal.

Winters also invokes *Monell* to try to hold Kenosha County and the City of Kenosha liable for alleged violations of Section 1983—specifically, "practices related to service of process, docketing/handling of filings, refusal to enforce valid orders, reliance on informal communications in lieu of lawful motion practice, and tolerance of constitutional violations." (*See* ECF No. 1 at 2.) In *Monell*, the Supreme Court recognized that municipalities could be "persons" and thus held liable for constitutional violations under Section 1983. 436 U.S. at 690–91. To prevail on a *Monell* claim, the plaintiff must allege facts establishing (1) that she suffered a constitutional injury, and (2) that the City authorized or maintained a custom of approving the unconstitutional conduct. *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) (citing *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994)). Thus, to prevail on a *Monell* theory, the conduct must be properly

attributable to the municipality itself. *First Midwest Bank Guardian of Estate of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997)). "Specifically, the plaintiff must [allege] that the constitutional violation was caused by a governmental policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy." *Id.* (cleaned up) (citations omitted). The Seventh Circuit has interpreted this to include three types of actions that can support municipal liability: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quoting *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)). Winters's allegations relate to her court proceedings, and there are no facts included to show that any of the actors she named had any authority to set policy for the County and City of Kenosha. She asserts only that "policymakers with final decision-making authority" were placed on notice of the alleged violations through her court proceedings and then failed to correct the misconduct. (ECF No. 1 at 2.) She does not assert who these policymakers might be, or how they oversee the court system and Judge Kerkman. Court proceedings are necessarily part of the judicial branch, which is separate and distinct from the legislative and executive branch. Wis. Const. arts. IV, V, VII; *see also* Wis. Stat. ch. 13, 15, 753. Court proceedings, therefore, are not properly attributed to municipalities, because they do not involve the same branches of government. Accordingly, the County and City of Kenosha will also be dismissed.

A *pro se* plaintiff is generally afforded one opportunity to amend her complaint, unless amendment would be futile or otherwise unwarranted. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). As discussed above, most of the defendants Winters identifies simply cannot be sued for conduct related to Winters's state court child custody proceedings. Moreover, the gravamen of this complaint is that Winters believes the state court proceedings and judgment were unfair. (ECF No. 1 ¶¶7–15.) This is properly addressed through an appeal within the state court system, not a collateral attack brought through a civil suit filed in federal court. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399–408 (7th Cir. 2023)(holding *Rooker-Feldman* doctrine barred plaintiff's federal lawsuit suing the state court judge who presided over, and guardian ad litem involved in, her child custody proceedings in federal court for impairing her right to familial

association because her injury was caused by the state court judgment)(citing *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021)). Because the lower federal courts cannot review state court civil judgments, it would be improper for this Court to hear Winters's complaint, because it is effectively a collateral attack on the judgment entered by the state court in her child custody case. Because amending her complaint cannot cure this problem, amendment would be futile, and the Court will not grant Winters leave to amend her complaint.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Winters's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED IT IS FURTHER ORDERED** that Winters's Complaint, ECF No. 1, is **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin on February 17, 2026.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge