UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OCTAVIA WINTERS,

           Plaintiff,

                                             Case No. 26-cv-0173-bhl

     v.

JUDGE CHAD GREGORY KERKMAN, et al,

           Defendants.

## ORDER

On February 2, 2026, Plaintiff Octavia Winters, proceeding without an attorney, filed this lawsuit asserting civil rights violations by state court officials involved in her child custody proceedings. (ECF No. 1.) The Court dismissed Winters's complaint and did not grant her leave to amend because most of the defendants Winters sued were immune from suit and because her lawsuit was a collateral attack on the judgment entered by the state court in her child custody case and therefore barred by the *Rooker-Feldman* doctrine. (ECF No. 4 at 6–7.) On February 27, 2026, Winters filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 6.) On April 14, 2026, she filed three more motions: a "Motion for Status and Request for Ruling on Pending Post-Judgment Motion;" a "Motion for Clarification of Procedural Status, Preservation of Objections and Notice of Intent to Seek Relief for Void Proceedings, Fraud and on the Court, and Judicial Disqualification;" and a "Motion for Status, Clarification, and Notice of Federal Constitutional Violations and Preservation of Claims." (ECF Nos. 7, 8, & 9.) The Court will deny Winters's motion to alter or amend the judgment and deny her other motions as moot.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of judgment. Motions for reconsideration serve a limited purpose; they exist only to correct manifest errors of law or fact or present newly discovered evidence. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Manifest errors of law refer to the disregard, misapplication, or misidentification of controlling

precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). To succeed, the movant must present newly discovered evidence not previously available or identify evidence in the record that clearly establishes a manifest error of law or fact. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Parties may not advance new arguments or theories that they should have made before the Court rendered a judgment or present evidence that was available earlier. *Id.* (citing *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

## ANALYSIS

This case arises from Winters's state court litigation regarding a child custody dispute. (ECF No. 1.) The issues Winters raises in her motion do not warrant reconsideration of the Court's decision to dismiss her complaint at screening.

Winters argues the Court misapplied the *Rooker-Feldman* doctrine, because it applies "only when a federal plaintiff complains of injury caused by a state-court judgment and seeks federal review or rejection of that judgment" and asserts that her injury is separate, and based on independent procedural injuries. (ECF No. 6 at 1.) This argument is foreclosed by *Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023). In *Hadzi-Tanovic*, the Seventh Circuit explained that an "alleged loss of familial association is not an injury independent of the state court judgment." *Id.* at 401. When "the plaintiff's injury is 'effectuated' by the state court judgment, the *Rooker-Feldman* doctrine deprives lower federal courts of jurisdiction." *Id.* (citing *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019)). Accordingly, Winters cannot pursue claims that the state court proceedings violated her substantive due process rights to familial association. (ECF No. 1 at 3.) The Seventh Circuit also rejected the argument that the plaintiff suffered a separate constitutional injury caused by the defendants' "corruption of the state court proceeding," because the state court judge was biased and treated her unfairly. *Hadzi-Tanovic*, 62 F.4th at 401–04. Winters presents the same argument here. In rejecting that argument, the Court of Appeals explained that it was overruling older holdings that had recognized a limited "corruption exception" to the *Rooker-Feldman* doctrine. *Id.* at 402. It explained that *Rooker-Feldman* looks to injuries, not rights, and that the plaintiff who complained of an unfair state court process was still injured by the state court's *judgment*. *Id.* at 404. Winters's allegations of bias and conspiracy implicate her procedural due process rights, but the mechanism by which she was allegedly injured is still the state court judgment itself. *Rooker-Feldman* still bars her suit. *See id.* at 404–05. As

the Seventh Circuit further explained, "the only way a federal court could determine the merits of [the plaintiff's] allegations would be to review the state court's handling of the case from top to bottom, substantively and procedurally," which *Rooker-Feldman* prohibits. *Id.* at 405. So too here.

Winters's other arguments, that quasi-judicial immunity might not block some of her claims against defendants with quasi-judicial immunity, and that the Court applied an improperly heightened pleading standard to her *Monell* claim, do not matter because the Court has no jurisdiction to hear her case under *Rooker-Feldman*. Winters's additional motions will be denied as moot, because her case has been dismissed and her motion to alter or amend the Court's judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Winters's Motion to Alter or Amend Judgment, ECF No. 6, is **DENIED**.

**IT IS FURTHER ORDERED** that Winters's other motions, ECF Nos. 7, 8, & 9, are **DENIED as moot**.

Dated at Milwaukee, Wisconsin on June 2, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge